**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RAMSES WILLIAMS,[1]

                      Plaintiff,

    v.                                        No. 08-CV-413
                                                    TJM(/DRH)

B. FISCHER et al.,

                      Defendants.

---

**APPEARANCES:**                                 **OF COUNSEL:**

RAMSES WILLIAMS
07-B-2063
Plaintiff Pro Se
Marcy Correctional Facility
Post Office Box 3600
Marcy, New York 13403-3600

HON. ANDREW M. CUOMO                MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of          Assistant Attorney General
   New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

    Plaintiff pro se Ramses Williams ("Williams"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action against four DOCS employees under 42 U.S.C. § 1983 alleging violations of his civil rights. Compl.

---

    [1]In his pleadings, plaintiff endorses with the name "Ramses, William." See, e.g., Docket Nos. 8, 15. Plaintiff has advised that his correct name is "Ramses Williams" and the docket has been corrected to reflect this name. Docket No. 17 & Docket Entry dated Aug. 27, 2008.

    [2]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

(Docket No. 1). Presently pending is Williams' motion to strike certain defenses asserted by defendants in their answer to the complaint. Docket No. 15. Defendants oppose the motion. Docket No. 16. For the reasons which follow, it is recommended that Williams' motion be denied.

## I. Background

In their joint answer, defendants assert twelve separately number defenses as follows:

| No. | Defense |
|---|---|
| 1 | Failure to state a claim |
| 2 | Qualified immunity |
| 3 | Res judicata and collateral estoppel |
| 4 | Statutory and constitutional bars to state law claims |
| 5 | Lack of personal involvement |
| 6 | "Favorable termination" rule[3] |
| 7 | "Three strikes" bar of 28 U.S.C. § 1915 |
| 8 | Lack of subject matter jurisdiction |
| 9 | Failure to exhaust administrative remedies |
| 10 | Limitation on recovery for mental or emotional injuries |
| 11, 12 | Limitation of recovery of compensatory damages by restitution orders and rights of victims to recovery |

---

[3] See Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).

Ans. (Docket No. 9) at 2-3.  Williams now moves to strike defenses 1-9.  Williams Decl. (Docket No. 15) at ¶¶ 1-9.[4]

## II. Discussion

Williams moves to strike the defenses as "immaterial and without merit."  Williams Decl. at ¶¶ 1-9.  Under Fed. R. Civ. P. 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike affirmative defenses under " Rule 12(f) for legal insufficiency are generally disfavored and if there are questions of fact or disputed questions of law, the motion should be denied."  Elliot v. City of New York, No. 06-CV-296 (KMK), 2008 WL 4178187, at *15 (S.D.N.Y. Sept. 8, 2008) (citing Landry v. Potter, No. 04-CV-380, 2005 WL 293500, at *1 (D. Conn. Jan. 27, 2005).   To prevail on this motion, Williams must demonstrate that (1) there exists no question of fact upon which the defense could succeed, (2) there exists no question of law upon which the defense could succeed, and (3) Williams would be prejudiced by inclusion of the defense.  Id. (citing S.E.C. v. KPMG, LLP, No. 03-CV-571, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003).  Determination of the sufficiency of an affirmative defense before any opportunity for significant discovery has been afforded is particularly inappropriate.  Salcer v. Envicon Equities Corp. 744 F.2d 935, 939 (2d Cir. 1984).

---

[4] Williams explicitly waives any objection to the tenth defense and omits any reference to the eleventh and twelfth defenses.

Here, Williams challenges the sufficiency of nine of defendants' twelve affirmative defenses. He cannot meet any of the three requirements for sustaining his motion, however. First, at this early stage, the assertions in the answer must be viewed in the light most favorable to defendants and without considering any matters outside the four corners of the answer. Cf. Sharkey v. Quarantillo, __ F.3d __, 2008 WL 4058317, at *3 (2d Cir. Sept. 3, 2008) (stating standard for determining a motion to dismiss under Rule 12(b)(1)). So viewed, questions of fact exist as to each of the first nine affirmative defenses asserted in the answer. Second, legal theories exist to support each of the challenged affirmative defenses. In fact, those defenses are the standard fare in defense of claims such as those asserted by Williams here. Finally, no prejudice appears to Williams from allowing defendants to proceed with the defenses and Williams has cited no prejudice.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that Williams' motion to strike certain affirmative defenses (Docket No. 15) be **DENIED** in all respects without prejudice to renewal after completion of discovery.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993); Small v. Secretary of Health &

Human Servs., 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED: October 1, 2008
         Albany, New York

_David R. Homer_
United States Magistrate Judge